UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIANA JEAN BROUILLETTE,

       Plaintiff,

v.                  6:14-CV-1305
                      (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| DeSANTIS & DeSANTIS<br>  Counsel for Plaintiff<br>286 Genesee Street<br>Utica, NY 13501-2172 | MICHAEL V. DeSANTIS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br> – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | FERGUS J. KAISER, ESQ. |

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

   Currently before the Court, in this Social Security action filed by Diana Jean Brouillette ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), is the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, filed on January 5, 2016, recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted. (Dkt. No. 15.) For the reasons set forth below, the Report and Recommendation is accepted and adopted.

I.      **PLAINTIFF'S OBJECTIONS**

Generally, Plaintiff makes five arguments in objection to Magistrate Judge Carter's Report and Recommendation. (Dkt. No. 16 at 1-21.) First, Plaintiff essentially argues that Magistrate Judge Carter's recommendation that the ALJ complied with the Appeals Council's remand order should be rejected because the ALJ (1) failed to provide a more complete analysis of the medical opinion provided by treating physician, Michael Lax, M.D., (2) erred in relying on Plaintiff's "limited course of treatment" in assessing Dr. Lax's opinion, and (3) erred in affording less than controlling weight to Dr. Lax's opinion. (*Id.* at 1-7.)

Second, Plaintiff essentially argues that Magistrate Judge Carter's recommendation that the ALJ did not err at step five should be rejected because, based on the testimony of the vocational expert, the ALJ should have determined that Plaintiff could not perform other existing jobs in the national economy as normally performed. (*Id.* at 7-8.)

Third, Plaintiff essentially argues that Magistrate Judge Carter's recommendation that the ALJ did not err at step five should be rejected because the ALJ improperly restricted the testimony of the vocational expert on cross-examination. (*Id.* at 9-17.)

Fourth, Plaintiff essentially argues that Magistrate Judge Carter's recommendation that the ALJ properly assessed the opinion of consultative examiner, Kalyani Ganesh, M.D., should be rejected because the ALJ erred in (1) assigning great weight to the opinion, (2) failing to explain the weight assigned to the opinion, and (3) failing to include Dr. Ganesh's opined limitations in the residual functional capacity assessment. (*Id.* at 17-18.)

Fifth, and finally, Plaintiff essentially argues that Magistrate Judge Carter's recommendation that the ALJ properly assessed the opinion of treating physician, Dr. Lax,

should be rejected because the ALJ failed to follow the treating physician rule in affording less than controlling weight to the opinion. (*Id.* at 18-20.)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

The Court finds that Plaintiff's objections merely restate the arguments set forth in the Plaintiff's initial brief. (*Compare* Dkt. No. 11 *with* Dkt. No. 16.) Therefore, the Court reviews the portions of Magistrate Judge Carter's Report and Recommendation addressed in Plaintiff's objections for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 15.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: January 29, 2016
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief, U.S. District Judge